UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNIE M. HODGES-ROBINSON,

        Plaintiff,

vs.                                                    Case No. 8:05-CV-472-T-27TBM

JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner denying disability benefits to Plaintiff be affirmed. (Dkt. 16).[1] For the reasons discussed, remand is appropriate.

Plaintiff applied for disability benefits alleging disability as of May 1999 because of back, neck, head and shoulder pain and functional difficulty with walking, bending and carrying. Her application was initially denied. A *de novo* hearing was conducted by the Administrative Law Judge ("ALJ") in May 2002. Before the ALJ were extensive medical records of Plaintiff's treatment from 1999 through 2001, including residual functional capacity assessments conducted in October 2000 and February 2001. (R. 1, 2). The ALJ "carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments." (R. 29).

The ALJ found that Plaintiff "has an impairment or a combination of impairments considered 'severe,'" but that her "medically determinable impairments do not meet or medically equal one of

---

[1] Plaintiff filed objections to the Report and Recommendation (Dkt. 17). The Commissioner of Social Security filed a response (Dkt. 18).

the listed impairments in Appendix 1, Subpart P, Regulation number 4," her "medically determinable impairments do not prevent (her) from performing her past relevant work as an 'eligibility worker'" and that she "was not under a 'disability,' as defined in the Social Security Act, at any time to the date of this decision." (R. 21, 29).

With respect to plaintiff's residual functional capacity, the ALJ found that she was "capable of light, sedentary work with an occasional limitation for prolonged walking, overhead reaching and pushing and pulling," with "frequent limitation for prolonged climbing and kneeling" and the performance of "fairly detailed tasks in an environment that allows for a sit/stand option." (Id.). The ALJ found Plaintiff's testimony concerning her limitations due to headaches "not totally credible." (Id.).

The Magistrate Judge conducted a thorough and conscientious review of the administrative record, correctly applying Eleventh Circuit standards in evaluating the ALJ's findings and conclusions. In sum, although finding that the ALJ erred in two respects, the Magistrate Judge concluded that a remand would serve no useful purpose since the ALJ's finding that Plaintiff could perform her past work as an eligibility worker "is both consistent with her FCE and supported by the testimony of the VE." (Dkt. 16, p. 24). Notwithstanding, because the ALJ did not address the records and opinions of Dr. Alves, Plaintiff's treating neurologist, a remand to the Commissioner for further consideration is appropriate.

**Treatment by Dr. Alves**

In considering a treating physician's opinions, the ALJ must ordinarily give substantial or considerable weight to those opinions unless good cause is shown to the contrary. *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Moreover, the ALJ "must specify what weight is given to a treating physician's opinion and

any reason for giving it no weight, and failure to do so is reversible error." *Id.*

This Court agrees with the Magistrate Judge that the ALJ erred in not addressing the records and opinions of Dr. Alves, contrary to *Broughton* and *MacGregor*. For this reason alone, remand is necessary to enable the ALJ in the first instance to appropriately consider Dr. Alves' records and opinions and specify what weight is given those records and opinions and any reasons for not giving them weight.

The ALJ noted that Plaintiff treated with Dr. Alves from July through December 2000. (R. 24). The ALJ was therefore aware that Plaintiff had treated with Dr. Alves through December 2000.[2] The ALJ noted Dr. Alves' diagnosis of "acute cervical radiculopathy at C4-5, C5-6 and C6-7 levels." (Id.) Without further discussing Dr. Alves' records and opinions, the ALJ simply noted that Plaintiff was referred to Dr. Walker, a neurological surgeon. As the Magistrate Judge correctly observed, "the ALJ gave no express indication of the weight he gave to Dr. Alves' findings or opinions." (Dkt. 16, p. 14-15).

Significantly, on October 2, 2000, Dr. Alves found: "She is still totally and permanently disabled for any kind of gainful employment. She will remain so for an undetermined length of time." (R. 98). Dr. Alves' finding was predicated on a clinical examination and findings that "palpation of the areas of exit of the greater occipital nerves causes pain in the back of the head, particularly on the left side", that testing revealed "impingement of the left shoulder" and that Plaintiff "cannot elevate the arms above 90 degrees without pain in the left shoulder joint." Plaintiff had complained of "headaches in the back of the head and pain in the left shoulder." (R. 97).

---

[2] To the extent Plaintiff complains that the ALJ did not analyze or address the reports of Plaintiff's treating neurologist, Dr. Alves, for the period between December 1999 and December 2000, the Magistrate Judge notes that the ALJ did not expressly address those records. (Dkt. 16, p. 14). Given the ALJ's statement that he "carefully considered all of the medical records in the record," this Court presumes that the ALJ considered those records, notwithstanding that he did not expressly refer to them.

During that October 2, 2000 neurological re-evaluation, Dr. Alves' clinical impression was that Plaintiff had a "Herniated disk at the C4-5 level with radiculopathy C5 on the left side," "Status post a cervical diskectomy at the C5-6 and C6-7 levels with residual numbness of the middle three fingers of the left hand and radiculopathy at those levels," "RSD left upper extremity, mild to moderate" and "Impingement syndrome, left shoulder, mild to moderate." (R. 97).

The next month, November 2000, Dr. Alves referred Plaintiff for a "left occipital nerve block for treatment of, 'rather severe occipital cervical pain in the left side, in the area of distribution of the left greater occipital nerve.'" (R. 96). In his December 6, 2000 follow up, Dr. Alves clinically noted "[h]eadaches on the left side of the head with left hemicrania and left occipital neuralgia." (R. 93-94). He referred her to "pain management since this problem has become chronic and should be dealt with by a pain specialist." (Id.)[3] Three months before Dr. Alves' October 2, 2000 finding that Plaintiff was "totally and permanently disabled for any kind of gainful employment", Dr. Walker had released her to "sedentary work". (R. 175). After Dr. Alves' October 2000 finding, Dr. Lox released Plaintiff to "light duty" on February 21, 2001. The ALJ did not address the seemingly inconsistent positions taken by Plaintiff's treating physicians nor explain what weight, if any, he gave to the opinions of Drs. Walker and Lox.

For these reasons, this Court declines to adopt the Report and Recommendation of the Magistrate Judge, at least to the extent that the Magistrate Judge recommends against remand. Here, the ALJ provides "no clue" as to why he discounted the records and opinions of Dr. Alves. *See Broughton*, 776 F.2d at 962 (decision of ALJ provides "no clue" as to why he discounted the opinion

---

[3] When this case was before the Appeals Council, Plaintiff submitted Dr. Alves' treatment records from March 2001 through August 17, 2004 and a residual functional capacity assessment from Dr. Alves dated July 12, 2004. (R. 3). This Court agrees with the Magistrate Judge that Plaintiff did not show good cause for having not presented Dr. Alves' 2001 records to the ALJ. Likewise, this Court agrees with the Magistrate Judge's conclusion that the opinions of Dr. Kuch, the non-examining VA physician, were conclusory and immaterial.

of a treating physician, and no "good cause" is apparent in the record).[4]  The ALJ was required to specify what weight, if any, he gave to Dr. Alves' opinions.  Moreover, it is the function of the ALJ to address and resolve any inconsistencies between the opinions of Drs. Walker, Alves and Lox and to explain what weight, if any, he gave to those treating physicians' opinions. It is therefore appropriate that this evidence, together with all of the other medical evidence, be evaluated "in the first instance by the ALJ pursuant to the correct legal standards." *Broughton*, 776 F.2d at 962.

### New medical records

Plaintiff continued to treat with Dr. Alves after the administrative hearing through 2004. Dr. Alves' 2003-2004 treatment records document Plaintiff's continued treatment for severe headaches, including "chronic vascular headache syndrome" and migraines. As will be discussed, remand is appropriate to enable the ALJ to consider these new records and opinions, as well.[5]

Plaintiff submitted Dr. Alves' 2003-2004 treatment records to the Appeals Council, which

---

[4] Moreover, to the extent the ALJ accorded "substantial weight" to the opinion of a non-examining state agency physician, he erred, as that opinion is arguably contrary to the opinions held by Dr. Alves. (R. 26) (referring to the assessment of "state agency physician," ALJ stated "this opinion is well supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence and, therefore, is entitled to substantial weight.") An opinion of a non-examining physician is entitled to little weight if it is contrary to the opinion of a claimant's treating physician. *Spencer ex. rel Spencer v. Heckler*, 765 F.2d 1090, 1093-94 (11th Cir. 1985).

[5] The records establish that Dr. Alves continued to treat Plaintiff for "chronic and acute cervical pain syndrome with cervical radiculopathy on the left side," "upper thoracic pain," "chronic and acute low back pain syndrome with intermittent lumbar radiculopathy," "occipital cervical headaches in the in the occipital nerve distribution, therefore muscle contraction headaches with bilateral occipital neuralgia, left more than right, unchanged and unimproved." (R. 457). In February 2004, Dr. Alves found "rather severe, intractable headaches on a daily basis, of recent onset." (R. 440). In March 2004, he found "rather severe, intractable mixed type of headache with tension and migraine headache with a vascular component." (R. 438). In July 2004, he found, among other things, "chronic vascular headache syndrome with a tension component and left hemicrania, somewhat improved on the medication Topomax as a preventative." (R. 433). In August 2004, he found "the left occipitoparietal temporal frontal region suggesting a neuralgic type of migraine syndrome or migrainous neuralgia." (R. 430). In sum, these records suggest, as Plaintiff argues, a worsening of her condition with respect to her cervical pain and headaches, including migraines.

noted their submission without further comment. (R. 3). A remand for consideration of new, non-cumulative evidence is appropriate where the evidence is material, relevant and probative such that a reasonable probability exists that it would change the administrative results and good cause for failure to submit the evidence at the administrative level is shown. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986); 42 U.S.C. § 405(g). Remand is necessary for consideration of Dr. Alves' 2003-2004 treatment records and the opinions expressed therein.

Dr. Alves' 2003-2004 treatment records were new to the administrative proceedings. Although cumulative in some respects, they reveal a continuation of treatment for severe pain, including an apparent worsening of her headache syndrome, including migraines. That evidence is material, relevant and probative and there exists a reasonable probability that it could change the administrative result. As the Magistrate Judge correctly observed, the VE, in response to counsel's questioning, confirmed that headaches, to the extent described by Plaintiff, would eliminate "any work" Plaintiff could perform. (R. 518-19).[6] It is for the ALJ in the first instance to accord such weight as Plaintiff's treating physicians' records and opinions deserve, particularly where, as here, Plaintiff has been treated extensively since the administrative hearing and the severity of her headaches have apparently worsened.

As this cause will be remanded, it is unnecessary to address Plaintiff's remaining objections to the Report and Recommendation, other than to note that the Magistrate Judge correctly found that the ALJ applied the Eleventh Circuit pain standard and sufficiently articulated reasons for discrediting Plaintiff's testimony in part. Likewise, the Magistrate Judge correctly rejected Plaintiff's

---

[6] Given the remand, it is unnecessary to address the adequacy of the hypothetical posed to the VE by the ALJ, although the Court notes that it failed to mention numbness or pain in the three fingers of Plaintiff's left hand, which Dr. Alves expressly noted. (R. 97, 100, 103) ("residual numbness of the middle three fingers of the left hand" and "RST left upper extremity, mild to moderate").

contention that the ALJ engaged in an inappropriate "sit and squirm" analysis.

For these reasons, this cause is **REVERSED AND REMANDED** to the Commissioner for proceedings consistent with this Order.

**DONE AND ORDERED** in chambers this 28th day of March, 2006.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record